IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
99 JUN 30 PM 3: 10
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES CLAYTON NELSON,          )
                               )
        Plaintiff,             )
                               )
vs.                            )    CV 99-AR-0587-J
                               )
JAY WARREN, SAM STRICKLAND,    )
JAMES TURNER, and THE FAYETTE  )
COUNTY COMMISSIONERS,          )
                               )
        Defendants.            )

ENTERED
JUN 3 0 1999

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 17, 1999, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim for which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on June 2, 1999.

Plaintiff objects to the magistrate judge's recommendation that his complaint that he did not have cleaning supplies to clean a filthy cell for six days while he was incarcerated be dismissed. It is unclear from plaintiff's complaint how long he actually spent in the Fayette County Jail, but he mentions making requests for various things from September 1997, through May 1998, at least nine months. Plaintiff complains that he spent six days of those nine months "in a cell with no cleaning supplies." In response to the magistrate judge's recommendation, plaintiff states, "True this <u>does not</u> fall under an 8th Amendment violation <u>but</u> what the Honorable Court left out, was that the

plaintiff was left in a cell for 6 days that had human feces, dirt, grime on the floor and walls - and when Sheriff Turner took the plaintiff's shower slides - soap and towel - he forced the plaintiff to walk and live in unsanitary conditions. This is a violation of cruel and unusual punishment." (Plaintiff's response Doc. #8).

Prison conditions amount to cruel and unusual punishment only when they result in "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). While it is the duty of jail officials to furnish prisoners with "reasonably adequate" food, clothing, shelter, and sanitation, *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977), *rev'd in part on other grounds*, 438 U.S. 781 (1978), the Constitution "does not mandate comfortable prisons, *Rhodes v. Chapman*, 452 U.S. at 349. As the Eleventh Circuit Court of Appeals observed in *Newman*: "[T]he Constitution does not require that prisoners be provided any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration." 559 F.2d at 291. "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

"To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) *cert. denied*, 510 U.S. 1164 (1994). In order to establish that an official was deliberately indifferent, "a plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Id.* at 1535 (*quoting Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985), *cert. denied*, 479 U.S. 816 (1986). *Accord Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Here, plaintiff has made no showing that he notified any of the defendants he named about

2

the condition of his cell, that he requested cleaning supplies, and that any of these defendants deliberately denied him cleaning supplies. Even though plaintiff was ordered to amend his complaint and provide the court with the specific information he failed to provide any additional facts to show that the defendants knew about the situation in his cell, had the means to correct the condition, and were deliberately or callously indifferent to his personal safety. Plaintiff does not allege that he was in a cell without cleaning supplies for nine months, only six days. He does not say how the cell got dirty, or what happened at the end of the six days. Plaintiff's complaint is unsupported by facts to show that any of the defendants he named were callously indifferent to the unsanitary conditions of his cell and his need for cleaning supplies.

Plaintiff also objected to the magistrate judge's recommendation that his complaint that he was denied access to the law library to research and prepare for a divorce action be dismissed. In objecting to the recommendation, plaintiff states only that he did not state specifically that his divorce was the only thing he was concerned about. As in his complaint, plaintiff fails to allege that the denial of the use of a law library or legal materials prejudiced him in any way in a direct appeal, or habeas petition involving his criminal case, or a civil rights case which resulted from his treatment while in jail.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 30th day of June, 1999.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE